Elizabeth Wallace Fleming, Attorney, Elizabeth W. Fleming, Attorney, Kodiak, AK, for Defendant-Appellant

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Steven N. Taylor appeals from the district court's judgment and challenges the 180-month sentence imposed following his guilty-plea conviction for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Taylor contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to resolve his objections to the four-level leadership enhancement under U.S.S.G. § 3B1.1(a). He also argues that the evidence was insufficient to support the enhancement.

As an initial matter, we reject the government's argument that this appeal should be dismissed. The appeal waiver in the applicable plea agreement was conditioned upon the court imposing a sentence within or below the guideline range corresponding to a total offense level of 27. Because the court imposed a sentence

** This disposition is not appropriate for publication and is not precedent except as provid-

above that range, the waiver is unenforceable. *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009). Furthermore, the issue of the leadership enhancement was not resolved by this court's dismissal of Appeal No. 15-30272 because, contrary to the government's argument, the enhancement was also predicated on Taylor's conduct in this case.

With respect to the merits, the district court's adoption of the facts in the presentence report and its statement that the facts therein were sufficient to support the enhancement satisfied Rule 32. *See United States v. Ingham*, 486 F.3d 1068, 1075-76 (9th Cir. 2007). Moreover, under the circumstances of this case, the district court did not abuse its discretion in imposing the enhancement. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (district court's application of the Guidelines to the facts is reviewed for abuse of discretion); *Ingham*, 486 F.3d at 1075 (four-level leadership enhancement is warranted where defendant's role is "that of organizing or leading a drug distribution conspiracy").

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Omar DOMINGUEZ–VALENCIA, Defendant–Appellant.**

**No. 15–50531**

United States Court of Appeals, Ninth Circuit.

ed by Ninth Circuit Rule 36-3.

Submitted September 26, 2017 *

Filed September 29, 2017

Benjamin Joseph Katz, Special Assistant U.S., Mark R. Rehe, Assistant U.S., Helen H. Hong, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Karyn H. Bucur, Esquire, Karyn H. Bucur Attorney at Law, Laguna Hills, CA, for Defendant–Appellant.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Omar Dominguez–Valencia appeals from the district court's judgment and challenges his guilty-plea conviction for attempted reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dominguez–Valencia contends that his underlying removal order, which was based on his conviction for burglary in violation of California Penal Code § 459, is invalid in light of this court's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, —— U.S. ——, 137 S.Ct. 31, 195 L.Ed.2d 902 (2016). Regardless of the merits of this contention, by entering an unconditional guilty plea, Dominguez–Valencia waived his right to challenge the validity of the underlying removal order. *See Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

Dominguez–Valencia's unopposed motion to take judicial notice is granted.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.